UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JASON M BROWN, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) 1:14-cv-00131-GZS |
| | ) |
| OXFORD COUNTY SHERIFF'S | ) |
| DEPARTMENT, | ) |
| | ) |
| Defendant | ) |

RECOMMENDED DECISION

In this action, Plaintiff Jason M. Brown, a *pro se* prisoner currently in custody at the Maine State Prison, has asserted claims against Defendant Oxford County Sheriff's Department and four John Doe deputy sheriffs. Plaintiff alleges that after Defendants arrested Plaintiff, at age 13, for the illegal use of inhalants, Defendants violated his civil rights, sometime between 1991 and 1995, by failing to investigate the extent of his gasoline "huffing," or, alternatively, by failing to refer the matter to the Department of Health and Human Services.

The matter is before the Court on Defendants' Motion to Dismiss (ECF No. 10).[1] Plaintiff has not responded to the motion. A review of Plaintiff's allegations, which are accepted as true for purposes of the motion to dismiss,[2] reveals that Plaintiff has failed to state a claim and, therefore, that Plaintiff's complaint is subject to dismissal pursuant to 28 U.S.C. § 1915A, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

A claim arising under 42 U.S.C. § 1983 is governed by a six-year statute of limitations, which limitations period is tolled during an individual's minority. *See Carreras–Rosa v. Alves–*

---

[1] The Court referred the motions for report and recommended decision.

[2] *Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 16 (1st Cir. 1998).

*Cruz,* 127 F.3d 172, 174 (1st Cir.1997) ("The limitation period for filing [a] § 1983 claim is governed by the applicable state statute of limitations for personal injury actions."); *Small v. Inhabitants of City of Belfast*, 796 F.2d 544, 549 (1st Cir. 1986) ("[T]he Maine six-year limitations period, 14 M.R.S.A. § 752, is the statute applicable generally to 'personal injury' actions."); 14 M.R.S. § 853 (tolling the section 752 limitation period during the period of minority); 1 M.R.S. § 73 (defining minority to end at the age of 18 "for all purposes").[3]

Based on Plaintiff's allegations, Plaintiff was 13 years old at the time of the incidents for which he seeks to recover. Plaintiff further asserts that the conduct occurred between 1991 and 1995. Even if the Court construes Plaintiff's complaint to assert that Plaintiff was 13 in 1995, Plaintiff would have been 18 years old in 2000. The limitations period thus would have begun to run in 2000, and would have expired in 2006. Insofar as Plaintiff filed this action in March 2014, Plaintiff plainly commenced this action after the expiration of the statute of limitations period. In addition, Plaintiff asserts no facts upon which one could conclude that any exception to the statute of limitations applies. Accordingly, Plaintiff's claim is barred by the statute of limitations.

Based on the foregoing analysis, the recommendation is that the Court grant Defendants' motion to dismiss, and dismiss Plaintiff's complaint.

**NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request for oral argument shall be filed within fourteen (14) days after the filing of the objection.

---

[3] "Under Rule 12(b)(6), a defendant may advance a statute of limitation defense when the passage of time prevents a plaintiff from stating a claim for which relief can be granted. However, the facts supporting the defense should be clear on the face of the plaintiff's pleadings." *Richards v. City of Bangor, Me.*, 878 F. Supp. 2d 271, 276 (D. Me. 2012) (citing *Santana–Castro v. Toledo–Davila,* 579 F.3d 109, 113–14 (1st Cir. 2009)).

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

                                                            /s/ John C. Nivison
                                                            U.S. Magistrate Judge

Dated this 11th day of August, 2014.